**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| AMIE HINTON, ) | |
| ) | Case No.   1:15-cv-00398 |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| L.L.C., ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

Now comes the Plaintiff, AMIE HINTON, by and through her attorneys, and for her Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Marshall, Michigan.

5. On information and belief, Defendant is a limited liability company of the State of Virginia, which is not licensed to do business in Michigan, and which has its principal place of business in Norfolk, Virginia.

## COUNT I

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

8. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

9. The aforementioned alleged debt was originally incurred by Plaintiff's husband, Mark Hinton ("Mr. Hinton"), in the year of 2001. Mr. Hinton originally owed the alleged debt to Art Van Furniture, Inc. ("Art Van").

10. Plaintiff and Mr. Hinton were married on October 9, 2009. At the time Mr. Hinton incurred the alleged debt, he was not married to Plaintiff, nor did he even know Plaintiff. Plaintiff never cosigned for the alleged debt, nor has she ever assumed liability for the alleged debt in any way.

11. At no time did Mr. Hinton provide either Art Van or Defendant with Plaintiff's cellular telephone number to contact her in relation to the alleged debt.

12. At no point did Plaintiff provide either Art Van or Defendant with her cellular telephone number to contact her in relation to the alleged debt.

13. During or about the autumn of 2010, Defendant began placing telephone calls to Plaintiff in attempts to collect the alleged debt.

14. During or about the autumn of 2010, Plaintiff requested of an employee, agent and/or representative of Defendant that Defendant should cease placing telephone calls to her cellular telephone. Plaintiff also informed said individual that the alleged debt was solely the responsibility of Mr. Hinton.

15. Defendant has continued to place telephone calls to Plaintiff's cellular telephone in attempts to collect the alleged debt throughout the years of 2011, 2012, 2013, 2014 and 2015.

16. On multiple occasions that Plaintiff received these telephone calls, employees, agents and/or representatives of Defendant repeatedly told her that that she was "white trash," to "get a job so you can pay your debts," and to "get off welfare and pay your debt."

17. Employees, agents and/or representatives of Defendant would also routinely state to Plaintiff that due to her being married to Mr. Hinton, she was personally liable for the alleged debt. Said individuals would further state that Defendant had the right to file a lawsuit against her, to garnish her employment wages and to garnish the child support payments she receives from a previous marriage.

18. During or about September of 2014, Defendant's repeated telephone calls to Plaintiff caused her so much stress and aggravation that she authorized a one-time payment to Defendant of $100.00, hoping that Defendant would then cease placing telephone calls to her.

Plaintiff explicitly stated to Defendant that this was only a one-time payment, and that her credit card information was not be used for any future automatic payments. Despite Plaintiff's specific instructions in this regard, Defendant caused two subsequent automatic payments of $100.00 to be withdrawn from Plaintiff's bank account in September and October of 2014.

19. During or about mid-October of 2014, Defendant placed another telephone call to Plaintiff in another attempt to collect the alleged debt. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information. Said individual responded to Plaintiff by stating that the law firm representing her with respect to the alleged debt was a "scam." Despite having received notice of Plaintiffs' attorneys' representation, Defendant continued to place repeated telephone calls to Plaintiff in further attempts to collect the alleged debt.

20. Said telephone calls were placed to Plaintiff by Defendant on dates which include, but are not limited to, the following (i.e. this list not intended to be exhaustive; additional calls were placed by Defendant to Plaintiff on dates other than those listed below):

    a. March 10, 2015 at approximately 4:59 p.m.;
    b. March 10, 2015 at approximately 5:00 p.m.;
    c. March 11, 2015 at approximately 3:28 p.m.;
    d. March 12, 2015 at approximately 11:40 a.m.;
    e. March 14, 2015 at approximately 1:14 p.m.;
    f. March 22, 2015;
    g. March 23, 2015 at approximately 8:55 a.m.;
    h. March 24, 2015;
    i. March 26, 2015 at approximately 8:46 p.m.;
    j. March 27, 2015; at approximately 8:26 p.m.;
    k. April 2, 2015 at approximately 4:49 p.m.;
    l. April 2, 2015 at approximately 5:30 p.m.;
    m. April 10, 2015 at approximately 4:37 p.m.; and
    n. April 13, 2015 at approximately 3:10 p.m.

21.     Shortly after Defendant began placing telephone calls to Plaintiff's cellular telephone, Plaintiff received a prescription for Zoloft in order to reduce the extreme anxiety caused by Defendant's constant telephone calls.

22.     Defendant's constant telephone calls to Plaintiff caused severe martial problems between Plaintiff and Mr. Hinton. Plaintiff and Mr. Hinton often argued as a result of the additional stress caused by Defendant's telephone calls.

23.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

24.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

25.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a.   Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b.   Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d.   Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

26. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

28. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

29. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

30. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

31. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

32. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

33. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

34. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

35. Defendant violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant not intend to take such action.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

36. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

37. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

38.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

39.    Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IX

40.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

41. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT X

42. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

43. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT XI

44. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

45. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

46. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

47. On information and belief, Defendant placed the telephone calls described above to Plaintiff's cellular telephone using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

48. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

49. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

50. Plaintiff did not give Defendant her express consent, invitation or permission to contact her on her cellular telephone using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent,

invitation or permission which Plaintiff may have given Defendant to contact her in this manner was terminated and revoked.

51. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

52. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

53. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

54. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

      d.      Any other relief deemed appropriate by this Honorable Court

## COUNT XII

55. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

56. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

57. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b.    Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

          RESPECTFULLY SUBMITTED,

          AMIE HINTON

          By:   /s/ David P. Leibowitz
                   Attorney for Plaintiff

David P. Leibowitz
Illinois Attorney No. 1612271
Admitted to Practice – Western District of Michigan
Attorney for Plaintiff
Allen Chern Law PLLC
79 W. Monroe Street, 5th Floor
Chicago, IL 60603
Phone: (877) 852-3292
Fax: (866) 359-7478
dleibowitz@uprightlaw.com